# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street, 10th Floor
New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Tamara Giwa
*Executive Director*

Jennifer L. Brown
*Attorney-in-Charge*

July 9, 2025

Hon. Alvin K. Hellerstein
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: **United States v. Truglia**
   **19 Cr. 1921 (AKH)**

Your Honor:

    The Court's June 2, 2025 Order for Re-sentencing contains a number of inaccurate statements of fact and law.

    1. The Order states that at the time of his original sentencing, there was "evidence that he [Truglia] owned assets worth $61,830, 828.10. But, as set forth in Mr Truglia's June 6, 2025 *Sentencing Letter*, page 12, this is not true. The $61,800,000 figure includes about $8,000,000 in crypto currency that Mr. Truglia did not possess at the time of sentencing. Mr. Truglia's prior counsel explained to this to the Probation Office in a very detailed email (**Exhibit F** to June 6, 2025 *Sentencing Letter*) and also placed his objection on the record at the original sentencing. *11/30/22 Transcript* at 4-6.

    2. The Order asserts that Mr. Truglia has failed to "provide a full and candid financial disclosure." This is not true. In March of this year, Mr. Truglia responded to a list of 12 questions from USPO Johnny Kim regarding his financial disclosure statement. After receiving Mr. Truglia's responses from counsel, Mr. Kim thanked counsel. **Exhibit A.** The only additional information sought by Mr. Kim was whether Mr. Truglia was in possession of the nano ledger for his Bitcoin wallet

and/or why he has been unable to access the nano ledger. This question, of course, has been exhaustively explored by the Court at a number of hearings

3. The Court's Order states that Mr. Truglia has "failed to comply with a forfeiture order to turn over valuable assets." This is not true. The forfeiture order addresses valuable jewelry that was stolen by Bennett Genovesi. Mr. Genovesi subsequently surrendered the jewelry to the Government and they are in possession of all of the items listed in the Forfeiture Order.

4. The Court's Order states that Mr. Truglia has "made no restitution payments." This is not true. As of today, Mr. Truglia has surrendered every valuable asset he has access to. This include his recent surrender of all the money he had in a Wells Fargo account. PSR, par. 121.

5. The Court's Order asserts that the proposed res-sentencing is constitutional, citing *United States v. Colasuonno*, 697 F.3d 164, 182 (2d Cir. 2012) and *United States v. Bengis*, 03 Cr.308 (LAK) (AJP), 2017 WL 3605496 at *1, n.4 (S.D.N.Y. July 20, 2017). Neither case addresses the due process and double jeopardy violations presented in this case. *Colasuonno* concerned a violation of probation.. See Defendant's June 6, 2025 letter, page 2, fn 2. *Bengis* involved a res-sentencing of a defendant who was out of the country. The case did not consider any constitutional challenges to Sec. 3614 and the footnote cited by the Court merely notes the existence of the statute..

The re-sentencing should not go forward because it violates Mr. Truglia's constitutional rights  Any concerns about Mr. Truglia's alleged failure to pay restitution should be addressed as a violation of his supervised release conditions. See *Estreras v. United States*, 2025 WL 171637 (June 20, 2027).

Respectfully submitted,

Mark B. Gombiner

Allegra Glashausser

Attorneys for Nicholas Truglia

cc: AUSA Timothy Capozzii